```
                              FILED
                      CLERK, U.S. DISTRICT COURT

                              8/6/2025

                      CENTRAL DISTRICT OF CALIFORNIA
                      BY:    E.C.         DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 8:25-cr-00148-JVS |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| BAR'EE DAQUEZ BOYD, XAVIUS LONDALE BOYD, and LEAUNATE JAMES COBB, | |
| Defendants. | |

The Grand Jury charges:

### COUNTS ONE THROUGH TWELVE

[18 U.S.C. §§ 1341, 2(a)]

[ALL DEFENDANTS]

A. **INTRODUCTORY ALLEGATIONS**

At times relevant to this Indictment:

1. California's Employment Development Department ("EDD") was the administrator of the unemployment insurance ("UI") benefits program for the State of California.

2. On March 13, 2020, the President of the United States declared COVID-19 to be an emergency under the Robert T. Stafford Disaster Relief and Emergency Assistance Act. As a result, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which provided economic relief protections from the public health and economic impacts of the COVID-19 pandemic.

3. Prior to the enactment of the CARES Act, to be eligible for UI benefits administered by EDD, a person had to have been employed and worked in California and received at least a certain amount of wages from an employer in the 18 months preceding the UI benefits claim. As a result, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

4. The CARES Act established Pandemic Unemployment Assistance ("PUA") to provide UI benefits to people who did not qualify for regular UI benefits, such as business owners, self-employed workers, independent contractors, and "gig" workers who previously performed such work in California and were unemployed or partially unemployed due to the pandemic. A PUA benefits claimant was required to provide his/her name, Social Security Number, and mailing address and to identify a qualifying occupational status and pandemic-related reason for being out of work.

5. To qualify for UI benefits, including pandemic benefits, a California resident had to submit to EDD an application for the benefits; provide EDD with personal identifying information ("PII"), including the applicant's name, date of birth, and Social Security Number; and certify to EDD under penalty of perjury that the COVID-19 pandemic had directly and adversely affected the applicant's

employment.

6. Persons applying for PUA benefits did not need to submit any supporting documents to EDD with their applications. Claimants reported their total income for the 2019 calendar year on the application. The stated income was used to calculate the benefits to be paid, which were at least $167 per week.

7. Individuals whose claims were not based on California employment or residence were not eligible for California UI benefits.

8. Applications for UI benefits, including pandemic benefits, could be submitted to EDD online. An individual who applied online for benefits would provide EDD with an email address ("account email address") in addition to the applicant's physical mailing address ("account mailing address").

9. Once EDD approved the application and granted pandemic benefits to the applicant, EDD would create a debit account ("EDD debit account") with Bank of America, NA ("Bank of America" or "BofA"). A debit card linked to the EDD debit account would then be mailed to the account mailing address.

10. EDD would deposit UI benefits, including pandemic benefits, to the EDD debit account. The debit card could then be used to withdraw the benefits from the EDD debit account using automated teller machines ("ATMs"), including ATMs that Bank of America operated.

B. THE SCHEME TO DEFRAUD

11. Beginning no later than August 2020 and continuing through at least August 2022, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendants BAR'EE DAQUEZ BOYD, XAVIUS LONDALE BOYD, and LEAUNATE JAMES COBB, together

with others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud EDD and the United States Treasury as to material matters, and to obtain money and property from EDD and the United States Treasury, namely, UI benefits, including PUA benefits, by means of material false and fraudulent pretenses, representations, and promises.

12. The fraudulent scheme operated, in substance, as follows:

a. Co-schemers acquired the PII, such as the names, dates of birth, and Social Security Numbers, of individuals ("the identity theft victims").

b. Co-schemers filed with EDD fraudulent applications for UI benefits in the identity theft victims' names.

c. Defendant COBB also used his own PII to file with EDD fraudulent applications for UI benefits.

d. Co-schemers falsely stated and represented on the UI benefits applications that were filed with EDD that the named claimants had worked at qualifying jobs and were individuals whose employment had been negatively affected by the COVID-19 pandemic, thereby triggering eligibility for UI benefits under the PUA provision of the CARES Act.

e. Co-schemers falsely stated and represented on the UI benefits applications that the named claimants resided and had worked in the State of California, including in Orange and Los Angeles Counties.

f. By falsely stating that the named claimants had worked in the State of California, co-schemers falsely represented that the named claimants were eligible for UI benefits administered by EDD

4

when, as defendants BAR'EE DAQUEZ BOYD, XAVIUS LONDALE BOYD, and COBB then knew, the named claimants were not eligible for such benefits.

  g. As a result of the fraudulent UI benefits applications that co-schemers filed and caused to be filed, EDD authorized BofA to issue Electronic Bill Payment ("EBP") debit cards in the names of the named claimants.

  h. To ensure that they received the UI benefits that were paid as a result of the fraudulent applications, co-schemers listed and caused to be listed on the applications for the UI benefits addresses to which they had access as the mailing addresses for each of the named claimants. Co-schemers knew that, by doing so, they would cause BofA to mail the EBP debit cards issued to the named claimants to these addresses, thereby enabling defendants BAR'EE DAQUEZ BOYD, XAVIUS LONDALE BOYD, and COBB, and co-schemers, to take possession of the EBP debit cards.

  i. After defendants BAR'EE DAQUEZ BOYD, XAVIUS LONDALE BOYD, and COBB, and co-schemers received the EBP debit cards issued as a result of the fraudulent scheme, defendants BAR'EE DAQUEZ BOYD, and COBB, and co-schemers would call BofA to verify the balances on the cards. Defendants BAR'EE DAQUEZ BOYD and XAVIUS LONDALE BOYD, and co-schemers would then use the debit cards to withdraw the UI benefits loaded onto the debit cards by making cash withdrawals.

  13. Through this scheme, defendants BAR'EE DAQUEZ BOYD, XAVIUS LONDALE BOYD, and COBB, and co-schemers caused at least 72 fraudulent applications for PUA benefits to be filed with EDD resulting in loss to EDD and the United States Treasury of approximately $1,184,106.

C. **USE OF THE MAILS**

14. On or about the dates set forth below, in Orange and Los Angeles Counties, within the Central District of California and elsewhere, defendants BAR'EE DAQUEZ BOYD, XAVIUS LONDALE BOYD, and COBB, and their co-schemers, each aiding and abetting each other, for the purpose of executing the above-described scheme to defraud, willfully caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, according to the directions thereon:

| COUNT | DATE | DEFENDANT(S) | ITEM MAILED |
|---|---|---|---|
| ONE | 08/18/2020 | COBB | EBP debit card for an account in the name of P.G. ending in 6491 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| TWO | 08/18/2020 | XAVIUS LONDALE BOYD | EBP debit card for an account in the name of C.H. ending in 1966 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| THREE | 08/18/2020 | XAVIUS LONDALE BOYD | EBP debit card for an account in the name of S.S. ending in 5335 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| FOUR | 8/19/2020 | BAR'EE DAQUEZ BOYD and XAVIUS LONDALE BOYD | EBP debit card for an account in the name of G.B. ending in 4797 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| FIVE | 8/19/2020 | XAVIUS LONDALE BOYD | EBP debit card for an account in the name of K.H. ending in 0547 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |

| COUNT | DATE | DEFENDANT(S) | ITEM MAILED |
|---|---|---|---|
| SIX | 08/20/2020 | COBB | EBP debit card for an account in the name of L.M. ending in 8478 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| SEVEN | 08/20/2020 | BAR'EE DAQUEZ BOYD | EBP debit card for an account in the name of N.B. ending in 2695 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| EIGHT | 08/27/2020 | BAR'EE DAQUEZ BOYD | EBP debit card for an account in the name of J.A. ending in 6649 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| NINE | 08/27/2020 | BAR'EE DAQUEZ BOYD | EBP debit card for an account in the name of A.S. ending in 7093 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| TEN | 09/01/2020 | XAVIUS LONDALE BOYD | EBP debit card for an account in the name of L.V. ending in 6003 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| ELEVEN | 09/03/2020 | BAR'EE DAQUEZ BOYD | EBP debit card for an account in the name of R.R. ending in 3059 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |
| TWELVE | 09/03/2020 | BAR'EE DAQUEZ BOYD | EBP debit card for an account in the name of C.W. ending in 7484 sent by U.S. Mail from BofA to 11742 Daniel Avenue, Garden Grove, California |

COUNT THIRTEEN

[18 U.S.C. §§ 1028A(a)(1), 2]

[DEFENDANT LEAUNATE JAMES COBB]

15. The Grand Jury realleges paragraphs 1 through 10, 12 and 13 of this Indictment here.

16. On or about August 20, 2020, in Orange County, within the Central District of California, and elsewhere, defendant LEAUNATE JAMES COBB, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and possessed and willfully caused to be used and possessed, without lawful authority, a means of identification that defendant COBB knew belonged to another person, namely, the name of L.M. during and in relation to the offense of Mail Fraud, a felony violation of Title 18, United States Code, Section 1341, as charged in Count Six of this Indictment.

COUNT FOURTEEN

[18 U.S.C. §§ 1028A(a)(1), 2]

[DEFENDANT XAVIUS LONDALE BOYD]

16. The Grand Jury realleges paragraphs 1 through 10, 12 and 13 of this Indictment here.

17. On or about August 27, 2020, in Orange County, within the Central District of California, and elsewhere, defendant XAVIUS LONDALE BOYD and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and possessed and willfully caused to be used and possessed, without lawful authority, a means of identification that defendant XAVIUS LONDALE BOYD knew belonged to another person, namely, the name of C.H. during and in relation to the offense of Mail Fraud, a felony violation of Title 18, United States Code, Section 1341, as charged in Count Two of this Indictment.

|   |   |
|---|---|
| 1 | COUNT FIFTEEN |
| 2 | [18 U.S.C. §§ 1028A(a)(1), 2] |
| 3 | [DEFENDANTS BAR'EE DAQUEZ BOYD and XAVIUS LONDALE BOYD] |

4   18.  The Grand Jury realleges paragraphs 1 through 10, 12 and 13 of this Indictment here.

6   19.  On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendants BAR'EE DAQUEZ BOYD and XAVIUS LONDALE BOYD, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and possessed and willfully caused to be used and possessed, without lawful authority, a means of identification that defendants BAR'EE DAQUEZ BOYD and XAVIUS LONDALE BOYD knew belonged to another person, namely, the name of G.B. during and in relation to the offense of Mail Fraud, a felony violation of Title 18, United States Code, Section 1341, as charged in Count Four of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event any defendant's conviction of the offenses set forth in any of Counts One through Fifteen of this Indictment.

2. Any defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

//

//

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                      A TRUE BILL

                                      /s/
                                      Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

*Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

STEPHANIE L. ORRICK
Special Assistant United States Attorney
Orange County Office